**FORM TO BE USED BY FEDERAL PRISONERS IN FILING A CIVIL ACTION
UNDER 28 U.S.C. § 1331 OR § 1346**

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUETTS**

CIVIL **DIVISION**

KEVIN TAYLOR #03421-068
FMC-DEVENS
P. O. BOX 879
AYER, MA 01432

(Enter above the full name of the Plaintiff or Plaintiffs in this action)

VS.

HARLEY LAPPEN, DIRECTOR,
FEDERAL BUREAU OF PRISONS, et. al.

(Enter above the full name of the Defendant or Defendants in this action)

**04-40163**

CIVIL ACTION No. _____

A. Have you begun other actions in Federal Court dealing with the same facts involved in this Action? Yes_____ No __X__

B. If your answer to A is yes, describe the action in the spaces below. (If there is more than one action, describe the additional actions on the reverse side of this page).

 1. Parties to the action: Not Applicable ("N/A")

 2. Court (Federal Court name the district): N/A

 3. Docket Number: N/A

 4. Name of Judge to whom case was assigned: N/A

1

5.  Disposition: (Was case dismissed? Was it appealed? Is it still pending?) : _____
    N/A

C. 1.  Did you present the facts relating to your complaint in the internal prison grievance procedure? Yes __X__ No _____

2.  If your answer is Yes, what was the result? Administrative Remedy was denied by BOP-FMC-Devens' Warden in B.P.-9; BOP-Northeast Regional Director denied B.P.-10; BOP-Central Director failed to timely respond to the B.P.-11.

3.  If your answer is No, explain. _____N/A_____

D. 1.  Did you present your claim to the Bureau of Prisons or other Federal agency for administrative action? Yes __X__ No _____

2.  If your answer is yes, state the date such claim was submitted and what action, if any has been taken. B.P.-8 (4-5-04 ); B.P.-9 (4-12-04); B.P.-10 (5-10-04 ); B.P.-11 (6-14-04) each request for administrative remedy was denied except the B.P.-11 which there was no reply.

3.  If your claim has been acted on, attach copies of any correspondence you have received from the Bureau of Prisons or other Federal agency concerning your claim.

E. 1.  Are you suing for a work related injury? Yes _____ No __X__

2.  If your answer is Yes, state the nature of the duties you were performing when the injury occurred. __N/A__

2

**PARTIES**

(In item I. Below, place our name in the first blank and place your present address in the second blank. Do the same for additional Plaintiffs, if any).

I. Name of Plaintiff: Kevin Taylor #03421-068
   Address: FMC-Devens, P. O. Box 879, Ayer, MA 01432


(In item II. Below, place the full name of the defendant in the first blank, his / her official position in the second blank, and his / her place of employment in the third blank. Use the space below item II. for names, positions and places of employment of any additional defendants.)

II. Defendant Harley Lappen is employed as Director of Federal Bureau of Prisons At 320 First St., NW, Wash. DC 20534


**STATEMENT OF CLAIM**

III. State here as briefly as possible the facts of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of different claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheet(s), if necessary.)

(1) Defendants are employed by the Federal Bureau of Prisons ("BOP") at FCI-Fort Dix who are J. Strickland, Case Manager and Unknown Unit Manager of Unit 5752 and C.J. DeRosa, Warden; and D. Dodrill is the Northeast Region Director all agreed and participated in transferring Plaintiff on March 31, 2004 to a Mental Health Institution for psychological treatment as a sex offender without first proving him the requisite written notification of such transfer, nor provided him the requisite opportunity to reject such treatment as mandated by policy and law, which thus violated his Rights. Further, such act(s) by the defendants was grossly negligence and constitutes deliberate indifferent to Plaintiff's rights to notice and to be heard before being transferred to a mental facility for treatment. (continued on attached pages):

3

**STATEMENT OF CLAIM**
Continues from attached page 3:

III. (1). Moreover, such act(s) by defendants was grossly negligence and constitutes a deliberate indifferent to Plaintiff's life, or care since the Plaintiff was subjected to unnecessary and wanton mental anguish, continuous extreme stress and fear for safety and anxiety all from being placed in a hostile environment (staff at Devens told the inmates of Fort Dix transfer of sex offenders to Devens for treatment in the sex offender program).

(2). On or about April, 2004, and continuously thereafter the following. Defendants C. Renuad, Psychologist, C. Becotte, Chief Psychologist, C. Mayo, Psychology Technician, S. Bisci, Social Worker and W. L. Winn, Warden who employed by BOP at FMC-Devens and Harley Lappen is Director of BOP were negligence where they acted deliberate indifferent to Plaintiff's life, care and mental health by subjecting him (Plaintiff) to treatment thus punishment for acts (convictions) he had already previously been punished and treated for in 1975 and in 1980, respectively. Further, these defendants are negligence which constitutes a deliberate indifferent to Plaintiff's life , care, and mental health where the defendants has inflicted unnecessary and wanton mental anguish, continuous extreme stress, anxiety and fear of harm by enforcing on him psychological treatment program for sex offenses he had already previous been punished and treated for over 30 and 20 years ago, though such program was not enacted or promulgated by the BOP through the requisite notification and publication mandate of BOP policy, nor was such program [sex offender management program ("SOMP")] been implemented or defined by BOP policy nor regulation. Specifically, the Plaintiff already served time twice thus thoroughly punished when he was convicted on sex offenses of 1975 and 1980, respectively. For the defendants to now used such old convictions to impose a mandatory treatment program on him that places him in a mental hospital, and a special sex offender unit which causes him unnecessary and wanton constant-continuous extreme mental anguish, stress, and fear of harm from threats of

**STATEMENT OF CLAIM**
**Continued from attached page 3a:**

III. (2). loss of institutional privileges and rights for failure to participate in such program is punishment for offenses he (Plainiff) already were punished and treated for once, which violates his rights. Moreover, the defendants' action of forcing Plaintiff into this program which has adverse sanctions for refusal to participate was negligence and constitutes a deliberate indifferent to Plaintiff's life, care, and mental health since he now suffers from continuous, constant mental anguish, stress, anxiety and fear from such program.

(3). The defendants (C. Renuad, C. Becotte, C. Mayo, S. Bisci, W. L. Winn and Harley Lappen) were also negligence when they acted deliberate indifferent to Plaintiff's life, care, and mental health by punishing him through a mandatory treatment program that was not a described penalty for his convicted offenses at the time he committed such offenses, and to enforce such punishment and treatment now is a violation of his rights. Specifically, the Plaintiff's sex offenses occurred over 30 and 20 years ago in 1975 and 1980, respectively. That, at the time he was convicted of those offenses there was no mental or psychological treatment program defined for such offenses, and for the defendants to act after 30 and 20 years to treat him psychologically for such crimes that did not require such treatment violates Plaintiff's rights, and further caused him unnecessary and wanton continuous, constant mental anguish, stress, and anxiety.

**RELIEF**

IV. State what relief you seek from the Court. Make no legal arguments. Cite no cases or statutes.

(4). Plaintiff reallege and incorporate by reference 1 through 3;

(5). Defendants remove Plaintiff from the SOMP and FMC-Devens immediately;

(6). Defendants transfer Plaintiff to LOW-FCI in Northeast Region;

(7). BOP & Defendants pay Plaintiff monetary funds of $ 10,000 each for punitive damages;

(8). BOP & Defendants pay Plaintiff monetary fund of $5,000 each for compensory damages.

(9). Trial by jury, and any other relief deemed appropriate by Court.

Signed this _13_ day of _August_ 200_4_.

_Kevin Taylor_

_____
(Signature of Plaintiff or Plaintiffs)

**DECLARATION**

I, _Kevin Taylor_ declare under penalty of perjury that I have read and subscribed to the above and state that the information contained therein is true and correct to the best of my knowledge.

Executed _8-13-04_ at _FMC-Devens_
     Date                             Place

_Kevin Taylor_
Signature of Plaintiff

_____
Signature of Attorney (If Any)

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUETTS

KEVIN TAYLOR,

    Plaintiff,

v.                              Civil Action No. _____

HARLEY LAPPEN, BOP-Director,
FEDERAL BUREAU OF PRISONS, et. al.,

    Defendants.

## DECLARATION OF KEVIN TAYLOR

I, KEVIN TAYLOR, BEING DULY SWORN, DEPOSES AND SAYS:

1. On or about March 26, 2004, I was placed on the institution call-out for an appointment to R & D ("Receiving & Departure") at F.C.I.- Fort Dix. I arrived at R & D with my property I was told to take to R & D by the Unit officer at 5752, at about 10: 00 a.m. At R & D, I was told I was being transferred to Federal Medical Center ("FMC") Devens and that my Unit Team at 5752 processed the transfer.

2. After I completed the process for transfer and packing my property, I was allowed to eat lunch and return to R & D to be sent to the A & O ("Admission & Orientation") building on the West Compound of Fort Dix. While at lunch I seen my case manager Mr. Strickland which I asked him why I was being transferred when I did not ask to be. He told me he didn't know anything about the transfer. When I returned to R & D on the East Compound I was moved to the West Compound and placed in A & O building for housing until the transfer.

3. On or about March 31, 2004, I was placed on a bus and taken to Fort Devens( e.g., I was ordered to walk to R & D at about 1:30 a.m. in the rain. At R & D, I was handcuffed and shackled, and given a Tee shirt, pants and skippy shoe to wear. At about 3:30 a.m., I was ordered to walk in shackles in the rain with no coat, and only the Tee shirt. I was ordered to stand in the rain and cold (20 degree) for over 10 to 15 minutes until I was able to get on the bus with about 15 other inmates.). At about 10:00 a.m., I was taken off the bus at FMC Devens. I was placed in a holding cell until the shackles were removed which took about 20 to 30 minutes because other inmates were called before me. I was then processed for admission into the

Kevin Taylor v. Harley Lappen, et al.,
<u>Civil Action/ Declaration of Kevin Taylor</u>
page two

    4. On the same date I arrived at Ft. Devens, I was taken to Unit N-2 for housing. Approximately two weeks later I was placed on the institution's call-out to see Psychologist Ms. Ranuad, Case Worker Bisci and Intern Ms. Matthews. At this interview I was told that I was sent to this Medical and Mental Hospital for treatment for my prior sex offenses. I then refused and rejected treatment explaining that my offenses were over twenty and thrity years old, that I was already punished for such offenses, and my current incarceration was for a drug offense, which has nothing to do with my prior sex offenses. Ms. Ranuad said, it was a mandatory program that I had to take or I would loss half-way house and other privileges.

    5. After the first interview, I was again interviewed by Case Worker Bisci who tried to have me sign for a booklet for the sex offender management program. I refused.

    6. At this time, the said program is being force on me against my will. I am being forced to stay in this institution for mental and psychological treatment I do not want. I am being subjected to lost of privileges for offenses/crimes I am not currently sentenced nor incarcerated for, and which I was already punished for over 24 and 29 years ago, respectively.

    7. I swear under the penalty of perjury that the above statements are true and correct to the best of my knowledge and belief.

Dated: __August 13__, 2004.

                                                      _Kevin Taylor_
                                                      DECLARANT