```
                 UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS

KEVIN TAYLOR,                    )
                                 )
     Plaintiff,                  )
                                 )
     v.                          )    C.A. No. 04-40163-PBS
                                 )
HARLEY LAPPEN, Director,         )
Federal Bureau of Prison, et     )
al.,                             )
                                 )
     Defendants.                 )
```

## MEMORANDUM AND ORDER

SARIS, District Judge.

For the reasons set forth below, the Court denies without prejudice the application of plaintiff Kevin Taylor to proceed without the prepayment of the filing fee.

## BACKGROUND

Taylor is currently incarcerated at FMC Devens in Ayer, Massachusetts. On August 17, 2004, Taylor filed with this Court a lawsuit in which he alleges that federal prison officials at FCI Fort Dix in New Jersey and at FMC Devens violated and continue to violate his constitutional rights by requiring Taylor to participate in a sex offender treatment program. Taylor admits that he committed sex offenses in 1975 and 1980. He maintains, however, that because he served sentences for those crimes and is currently incarcerated for a drug offense, forcing him to receive treatment for sex offenders violates the Ex Post Facto Clause. Taylor also

alleges that the defendants violated his "rights to notice and to be heard before being transferred to a mental facility for treatment." Compl. at 3. Taylor seeks $15,000 in damages from each of the defendants. He also asks to be removed from FMC Devens and transferred to a low security federal correctional institution.

Taylor also filed an application to proceed without prepayment of the $150.00 assessed for commencing a civil action. With the petition, he filed a detailed statement of the activity of his account at FMC Devens from April 1, 2004, when Taylor arrived at FMC Devens, to August 8, 2004. During that time period, the balance in Taylor's account decreased steadily from $990.30 to $551.65. The average monthly balance was $733.93; the average monthly deposit was only $61.44. In his affidavit, Taylor indicates that friends and family members send money to his prison account. Taylor also states, and the prison account statement reflects, that he sometimes sends money to support his two children.

## DISCUSSION

I. <u>Requirements to Proceed In Forma Paupers Fee</u>

To proceed with an action <u>in forma pauperis</u>, a prisoner must complete an Application to Proceed Without Prepayment of Fees and Affidavit and return it to the Court with a certified

copy of the prisoner's trust account statement showing the transactions for the previous <u>six</u> months. <u>See</u> 28 U.S.C. § 1915 (a)(1), (a)(2). The prisoner obtains this statement "from the appropriate official of <u>each prison</u> at which the prisoner is or <u>was</u> confined." 28 U.S.C. § 1915(a)(2) (emphasis added).

Even if a prisoner files an application to proceed without prepayment of fees, he will nevertheless have to pay the full amount of the filing fee. <u>See</u> 28 U.S.C. § 1915(b)(1)-(2) (prisoners filing civil actions are required to pay the full amount of the filing fee, even when proceeding <u>in forma pauperis</u>). The Court assesses an initial partial filing fee of twenty-percent of the greater of the average monthly deposits and the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint. <u>See</u> 28 U.S.C. § 1915(b)(1). The Court issues an order directing the appropriate prison official to withdraw the initial partial payment from the plaintiff's account, followed by payments on a continuing monthly basis until the entire $150.00 filing fee is paid in full. <u>See</u> 28 U.S.C. § 1915(b)(1)-(2).

II. <u>Taylor's Application to Proceed In Forma Pauperis</u>

Here, Taylor submitted an Application to Proceed Without

Prepayment of Fees as required under Section 1915(a)(1). The account statement Taylor provided, however, only covers the four months preceding the filing of the lawsuit. Although it appears that the statement provided a complete accounting of Taylor's account activity from the time he arrived at FMC Devens, Taylor had a responsibility to obtain a statement showing the activity in any prison accounts he had during the six-month period preceding the filing of the lawsuit, including his account at Fort Dix. Taylor's failure to comply with the requirements of 28 U.S.C. § 1915(a)(2) is grounds for denying his application.

Moreover, even if the Court were to overlook the requirement that Taylor submit a six-month prison account statement, the Court would still deny Taylor's application. Based on Taylor's account balance record, the Court would be required to assess an initial partial filing fee of $146.79, which represents twenty-percent of the average monthly balance. The Court finds that this amount is so close to the amount of the entire filing fee such that the Court would not grant an application to proceed without prepayment of that fee.

The Court's denial of Taylor's application to proceed without prepayment of the filing fee is without prejudice. If

Taylor wishes to prosecute his case, he must, within forty-two (42) days of the date of this order, either pay the entire filing fee or submit a new application to proceed <u>in forma pauperis</u> and provide the Court with a prison account statement reflecting Taylor's prison account activity for the six-month period preceding the date of this order.

CONCLUSION

ACCORDINGLY, the Court denies without prejudice Taylor's application to proceed without prepayment of the filing fee. If Taylor wishes to prosecute his case, he must, within forty-two (42) days of the date of this order, either pay the entire filing fee or submit a new application and provide the Court with a prison account statement reflecting Taylor's prison account activity for the six-month period preceding the date of this order.  Failure to comply with this requirement will result in dismissal of the case for failure to pay the filing fee.

SO ORDERED.

```
 3/9/2005                          /s/ Patti B. Saris
Date                              UNITED STATES DISTRICT JUDGE
```