IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUETTS

KEVIN TAYLOR,

    Plaintiff,

-vs-

HARLEY LAPPEN, Director,
Federal Bureau of Prisons, et al.,

    Defendant.

Civil Action No. 04-40163

**MOTION FOR LEAVE TO AMEND COMPLAINT**
**PURSUANT TO FEDERAL RULES CIVIL PROCEDURE 15**

    COMES NOW the Plaintiff. Kevin Taylor, in Pro se and in Forma Pauperis, and hereby respectfully files this Motion for Leave to Amend the Complaint pursuant to Federal Rules of Civil Procedure, Rule 15. In support of this Motion, the Plaintiff respectfully submits the following:

    1. On or about August 13, 2004, the Plaintiff Kevin Taylor (hereinafter referred to as "Taylor" or "PLaintiff") filed a civil action complaint in the United States District Court for the District of Massachuetts. Specifically, Taylor filed a civil action form under 28 U.S.C. § 1331 and §1346, thereof alleging constitutional violations under the Fifth and Eighth Amendments and federal statute 18 U.S.C. § 4042.

    2. Presently, the Plaintiff's complaint has been pending for litigation since August 13, 2004. Thus, the complaint has been pending without any judicial process in accordance with Federal

Rules Civil Procedures, Rule 12.

3. Further, since the Court has not order the defendants to be served a copy of the complaint, nor required the defendants to answer the same then there is no response filed by the defendants at this time.

4. Because there has not been any litigation in this case, nor a responsive motion filed by the defendants then the Court should freely grant the Plaintiff leave to amend his complaint.

5. Moreover, the Court should freely grant leave for the Plaintiff as a right to amend his complaint where the defendants has not file a response to such complaint. <u>Prince v. Federal Republic of Germany</u>, D.D.C. (1994), 811 F.Supp. 18; <u>Anderson v. U..S.A. A. Los. Ins. Co,</u>, D.D.C. 2003, 218 F.R.D. 307.

6. In addition, the Plaintiff assert that the Court should permit him to amend his complaint once since he has an absolute right to do so at least once as long as the defendants has not served responsive pleadings. <u>Id</u>.

WHEREFORE, for the foregoing reasons the Plaintiff respecfully request this Honorable Court grant him leave to amend his Complaint to include as well as incorporate by reference the followings:

## II. Preliminary Statement

1. This is a civil action complaints by Plaintiff on behalf of himself who is confined at the Federal Medical Center-Devens, in Ayers, Massachuetts. Plaintiff seeks declaratory and

injunctive relief for deprivations under color of federal law of rights, privileges, and immunities secured by the Constitution of the United States and, in particular, those secured by the Fifth, Sixth and Eighth Amendments thereof.

2. Plaintiff further seeks punitive and compensory damages for deprivations under color of federal law of the rights, privileges, and immunities secured by the Constitution of the United States and, in particular, the Fifth, Sixth and Eighth Amendments.

3. Plaintiff specifically seek relief from conditions at Federal Medical Center-Devens which fall below standards of human decency, inflict needless suffering on Plaintiff and create an environment which threaten Plaintiff's physical and mental well-being and results in the innecessary deterioration of Plaintiff being confine there.

4. Federal Medical Center-Devens is a mental and medical facility for sentenced federal prisoners with mental or medical deficiencies in need of treatment. On March 21, 2004, the defendant caused Plaintiff to be transferred to Federal Medical Center-Devens for mental treatment though he has never been diagnosed officially by a professional psychologist to have mental illness.

5. The defendants further caused Plaintiff to be forcibly placed in a sex offender mandatory program ("SOMP") for mental illness treatment which inflicted needless suffering, wanton mental anguish and created an environment which threaten his

3.

physical and mental well-being, though such program was not authorized by the Bureau of Prisons' program statement, policy, or regulation, nor has the defendant provided notification or publication of such program as required by
which violates Plaintiff's right secured by federal laws, and by the Constitution of the United States Fifth, Sixth and Eighth Amendments.

6. The defendants acted negligent with deliberate indifferent to Plaintiff when they forced upon him adverse sanctions as a result of his refusal to participate in SOMP which such sanctions caused needless suffering on Plaintiff, extreme mental anguish and stress, though defendants were not authorized by Bureau of Prisons program statement, policy or regulation, nor provided Plaintiff notice, hearing or finding guilt for such sanctions, which violates his right under federal laws, and the Constitution's Fifth, Sixth and Eighth Amendments.

### III. Jurisdiction

7. This action is filed under 28 U.S.C. § 1331 and § 1346(a)(3) to redress injuries suffered by Plaintiff for deprivation under color of federal law of rights secured by United States Constitution. Plaintiff's claim s also arise directly the Fifth, Sixth and Eighth Amendments of the United States Constitution.

8. Venue in the District Court for the District of Massachuetts is proper. Federal Medical Center-Devens is located in the District of Massachuetts where the acts of defendants occurred.

## IV. Parties

9. The Plaintiff named herein civil complaint is currently an inmate confined by the Federal Bureau of Prisons, at or subject to return to, FMC- Devens.

10. Defendant Harley Lappen is the Director of the Federal Bureau of Prisons, as Chief Executive Officer, or Central Director of the Bureau of Prisons he has ultimate administrative and fiscal control of and responsibility for all Regional Offices, all federal prisons and federal correction institutions and personel, He has the overall control and supervision of the Bureau of Prisons, including FMC-Devens.

11. Defendant D. Rodrill is the Regional Director of the Northeast Region Office he has ultimate administrative and fiscal control of and responsibility for all federal prisons within this region. He also has overall control and supervision of all the institutions of the federal Bureau of Prisons within the Northeast Region, including FCI-Fort Dix, and FMC-Devens.

12. Defendant C. J. DeRosa is the warden of F.C.I. Fort Dix. As Warden of Federal Correctional Institution Fort Dix he has overall control and supervision of the prisons and its inmates. He also is responsible for the ultimate administrative and fiscal control of the institution.

13. Defendant unknown is the Unit Manager of Federal Correctional Institution- Fort Dix. As Unit Manager she has overall control and supervision of the Unit 5752 and 5751, and its inmates . She also is responsible for the ultimate administrative and fiscal control of the Units.

14. Defendant J. Strickland is case manager of Unit 5752 of Federal Correctional Institution-Fort Dix. As case manager, he has overall control and supervision of the Unit Inmates who last name begins in the letters m to z, which include this Plaintiff. He also is responsible for the classification, programs and transfers of those inmates, including the Plaintiff.

15. Defendant David L. Winn is the Warden of Federal Medical Center- Devens. As warden of Devens Federal Medical Center, he has overall control and supervision of the prison, and its inmates. He also is responsible for the ultimate administrative and fiscal control of the institution, and its programs.

16. Defendant Hernandez was the Unit Manager of J-Unit in Federal Medical Center- Devens. She had overall control and supervision of the Unit and its inmates for the first eight months of the Plaintiff incarceration in that unit.

17. Defendant Hufnagel is the case manager of J-Unit of Federal Medical Center- Devens. She has overall control and supervision of J-Unit inmates, including this Plaintiff. She also is responsible for classification, programs and transfer of inmates under her authority or case load.

18. Defendant C. Becotte is Chief Psychologist at Federal Medical Center- Devens. As Chief Psychologist she has overall control and supervision of the mental health department of this institution, the staff employed thereof, and the inmate assigned treatment. She also is responsible for the ultimate administrative and fiscal control of SOMP ("sex offender mandatory program").

19. Defendant C. Renuad is a Psychologist at Federal Medical Center-Devens. As a Psychologist she has control and supervision over inmates with mental illness, and inmates assigned to the SOMP.

20. Defendant C. Mayo is a Psychologist Technician at Federal Medical Center- Devens. As a psychologist technician she is also responsible for and has control and supervision over mentally ill inmates, sex offenders and inmates assigned to SOMP.

21. S. Bisci is Social Worker for the Psychology and Mental Health Department of Federal Medical Center- Devens. As a social worker one of her assignment is the SOMP and its inmates.

## V.  Civil Action Allegations

22. Plaintiff, the representative party of this complaint, is under the control of the United States Justice Department's Bureau of Prisons and is confined at the Federal Medical Center-Devens.

23. Plaintiff as a party of this complaint is without counsel, therefore he is representing himself as Pro se and who will fairly and adequately attempt to protect his interest in this case.

24. The lawsuit challenges various conditions of confinement, mental and physical treatments and the imposition of disciplinary or adverse sanctions, and there are questions of law and fact common to the Plaintiff.

## VI. Factual Allegations

### A. Living Conditions

25. The United States Bureau of Prisons nor named defendants were explicitly authorizes by Federal Statutes, Bureau of Prisons ("BOP") Program Statements, BOP Policy, nor BOP Regulation to place Plaintiff without prior or current mental illness in a mental health facility for purpose of treatment. Because there is no authority that provide the Defendants authorization for their actions, such as, transferring Plaintiff to a mental health institution for treatment as a sex offender, that absence notice, hearing and a factual determination of mental illness, or consent from Plaintiff for such treatment then the defendants acted deliberately indifferent to Plaintiff's needs and well being, and thus violated his right to due process.

Further the Defendants deliberately caused Plaintiff to suffer mental anguish, stress and anxiety as a result of their force treatment, adverse sanctions such as loss privileges, which is cruel and unusual punishment since such program and sanctions are not authorizes by Federal Statutes, BOP Program Statements, BOP Policy nor BOP Regulation.

26. The Plaintiff is subject to being an unwilling participate in program for sex offender which is a mandatory program for psychiatric treatment though the Defendants were not authorized by statute, policy nor regulation, which violates Plaintiff due process right, his rights to notification and thus such is crueal and unusual punishment.

### B. Personal and Adverse Treatments

27. Placement in SOMP has led to the Plaintiff continuous tension, stress, anxiety and physical duress which is caused by his confrontation with other inmates who treat him verbally and psychologically as a sex offender. The Defendants acted deliberate indifferent towards Plaintiff when they alerted the prison's population of in-coming pediphiles and sex offenders, which created an unsafe, stressful, and tense environment for Plaintiff. The defendants indifferent to and failure to provide reasonable personal safety to Plaintiff is evident. Just as it is evident that the Defendants failed to provide a reasonable stress and tension free environment to Plaintiff.

28. Defendants failed to adequate classify Plaintiff because Plaintiff, a convicted drug offender, was assigned as a sex offender, placed in a sex offender mandatory program with others who instant offenses were sex offenses, left him vulnerable, jeopardizing his personal safety in a already violent environment. The conditions has also created a violent environment subject to explode because of stress and tension created by the pediphiles and sex offenders.

29. The Defendants has subject the Plaintiff to the loss of community release, notification of his prior offenses, and various job and societal type restrictions besides force out-patient programming and therapeutic treatment.

**VII. Claim For Relief**

30. Plaintiff realleges and incorporate by reference the legal/factual allegations of the original complaint, and 25 through 29.

31. Defendants fail to provide Plaintiff with the basic

necessities of life, including personal safety, or reasonable stress free environment specifically the concern of being treated as a sex offender. The resulting conditions at FMC-Devens, which are incompatible with contemporary standards of decency, cause(d) unnecessary and wanton infliction of pain as well as genuine deprivation, and are not reasonably related to any legitimate governmental objectives. The Plaintiff is thereby subjected to cruel snd unusual punishment in violation of the Fifth and Eighth Amendments to the United States Constitution.

## VIII. No Adequate Remedy At Law

32. As approximate result of the defendants practices, acts and omissions, Plaintiff have suffered, do suffer, and will continue to suffer immediate and irreparable injury, including physical, psychological and health and well-being will continue to deteriorate during the course of his confinement under the conditions described in this complaint. Plaintiff have no plain, adequate or complete remedy at law to redress the wrongs describes herein. Plaintiff will continue to be irreparably injured by the practices, acts and omissions of the defendants unless this Court grants the injunctive relief that Plaintiff seek.

## IX. Prayer For Relief

WHEREFORE, Plaintiff incorporate by inference the relief sought in the original complaint and pray this Court:

1. Determine by order that there are questions of law and fact common to the Plaintiff.

2. Issue a declaratory judgment stating the defendants' practices, acts and omissions described in this complaint

violates Plaintiff's right guaranteed to him by the Fifth and Eighth Amendments to the United States Constitution;

3. Permanently enjoin defendants, their officers, agents, employees and successors in office, as well as those acting in concert and participating with them, from engaging in the unlawful practices described in this complaint;

4. Retain jurisdiction of this matter until this Court's order has been carried out;

5. Award Plaintiff reasonable costs and any attorney's fee pursuant to 42 U.S.C. § 1988, and

6. Grant such other relief as may be just and equitable.

This 18 day of April, 2005.

Respectfully submitted,

_Kevin Taylor_ /03421-068

11.