UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| KEVIN G. TAYLOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Docket No. |
| ) | 04-40163-PBS |
| HARLEY G. LAPPIN, Director, ) | |
| Federal Bureau of Prisons; ) | |
| C. BECOTTE, Chief Psychologist, ) | |
| FMC Devens; S. BISCI, Social ) | |
| Worker, Psychology and Mental ) | |
| Health Department, FMC Devens; ) | |
| C.J. DEROSA, Warden, FCI Fort Dix; ) | |
| HERNANDEZ, Unit Manager, ) | |
| FMC Devens; HUFNAGEL, Case ) | |
| Manager, J-Unit, FMC Devens; ) | |
| C. Mayo, Psychologist Technician, ) | |
| FMC Devens; C. RENAUD, ) | |
| Psychologist, FMC Devens; ) | |
| D. RODRILL, Regional Director, ) | |
| Northeast Regional Office, ) | |
| Federal Bureau of Prisons; ) | |
| J. STRICKLAND, Case Manager, ) | |
| Unit 5752, FCI Fort Dix; ) | |
| UNKNOWN UNIT MANAGER, FCI Fort ) | |
| Dix, Unit Manager of Units 5752 ) | |
| and 5751; DAVID L. WINN, Warden, ) | |
| FMC Devens, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' OPPOSITION TO THE PLAINTIFF'S
MOTION FOR DECLARATORY RELIEF**

The defendants, by their attorney, Michael J. Sullivan, U.S. Attorney for the District of Massachusetts, respectfully requests that this Court deny the plaintiff's "Motion for Declaratory Relief Pursuant to 28 U.S.C. §§ 1331 and 2201."

As reason therefore, the defendants state that the *pro se*

plaintiff apparently relies on the defendants' failure to file an answer to the complaint as grounds for the Court to issue judgment in his favor. <u>See</u> the plaintiff's "Motion for Declaratory Relief Pursuant to 28 U.S.C. §§ 1331 and 2201," p. 4, ¶ 13.

According to the docket, the plaintiff filed the complaint in this action on August 17, 2004, and filed an amended complaint on May 17, 2005. Since that time, the plaintiff has failed to serve both the United States Attorney's Office for the District of Massachusetts and the Attorney General for the United States in accordance with Rule 4(i) of the Federal Rules of Civil Procedure.

Rule 4(i) of the Federal Rules of Civil Procedure sets forth the requirements of service of process upon the United States, its agencies, and officers. The rule requires that service be effected upon the United States, its agencies, and officers, by delivering copies of the summons and complaint to the United States Attorney for the district in which the action is brought by hand delivery or by registered or certified mail, by sending copies of the summons and complaint to the Attorney General of the United States by registered or certified mail, and by sending copies to the officer or agency by registered or certified mail. Fed.R.Civ.P. 4(i)(1).

According to the plaintiff's complaint, the plaintiff is

suing Harley G. Lappin, Director, Federal Bureau of Prisons, C. Becotte, Chief Psychologist, FMC Devens, S. Bisci, Social Worker, Psychology and Mental Health Department, FMC Devens, C.J. Derosa, Warden, FCI Fort Dix, Hernandez, Unit Manager, FMC Devens, Hufnagel, Case Manager, J-Unit, FMC Devens, C. Mayo, Psychologist Technician, FMC Devens; C. Renaud, Psychologist, FMC Devens, D. Rodrill, Regional Director, Northeast Regional Office, Federal Bureau of Prisons, J. Strickland, Case Manager, Unit 5752, FCI Fort Dix, Unknown Unit Manager, FCI Fort Dix, Unit Manager of Units 5752 and 5751, and David L. Winn, Warden, FMC Devens. Since all of the individual defendants are named in their official capacity as employees of the United States of America's Federal Bureau of Prisons, the plaintiff was required by Rule 4(i) to serve a copy of the summons and complaint on each individual, the United States Attorney's Office for the District of Massachusetts, and the Attorney General for the United States. The plaintiff has failed to serve both the United States Attorney's Office for the District of Massachusetts and the Attorney General for the United States.[1]

    Wherefore the defendants respectfully request that this Court deny the pro se plaintiff's motion for declaratory relief and order the plaintiff to properly serve the United States

---

[1] It is the burden of the plaintiff to establish that proper service has been effected. <u>United States v. Ayer</u>, 857 F.2d 881, 884-85 (1st Cir. 1988).

3

Attorney's Office for the District of Massachusetts and the Attorney General for the United States of America within thirty (30) days of the date of said order.  Pursuant to rule 12(a)(3)(A) of the Federal Rules of Civil Procedure, the defendants will have sixty (60) days form the date of service to file an answer or otherwise respond.

                                                Respectfully submitted,

                                                UNITED STATES OF AMERICA
                                                By its attorney,

                                                MICHAEL J. SULLIVAN
                                                United States Attorney

Dated: November 8, 2005  By:  <u>/S/ Christopher R. Donato</u>
                                                Christopher R. Donato
                                                Assistant U.S. Attorney
                                                U.S. Attorney's Office
                                                John Joseph Moakley Courthouse
                                                1 Courthouse Way, Suite 9200
                                                Boston, MA 02210
                                                (617) 748-3100

**CERTIFICATE OF SERVICE**

    I certify that on this day a true copy of the defendants' opposition to the plaintiff's motion for declaratory judgment was served by first class mail, postage prepaid, upon the *pro se* plaintiff at the following address:

Kevin Taylor
Inmate # 03421-068
FMC - Devens
P.O. Box 879
Ayer, MA 01432

Dated: November 8, 2005       <u>/S/ Christopher R. Donato</u>
                                                Christopher R. Donato
                                                Assistant U.S. Attorney