# Document 1b

| U.S. DEPARTMENT OF JUSTICE | REQUEST FOR ADMINISTRATIVE REMEDY |
|---|---|
| Federal Bureau of Prisons | |

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: __TAYLOR__  __03421-068__  __N2__  __FMC-Ft Devens__
LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

**Part A- INMATE REQUEST**  Administrative Remedy because my Unit Team for Unit N 2 and Dr. Rudnuad has failed to provide specific information (i.e., regulation, policy or program statement number for the sex offender management program and such publication and notification of such policy or program) requested about a new program concerning sex offender. Thus, the Unit Team and Dr. Rudnuad violated policy that requires staff to provide inmates sought information that affects them. See Inmate Handbook and Privacy Act and FIOA.

Second, my instant offense does not concern a sexual offense. Further, my drug offense for which I am incarcerated occurred over 15 years ago and prior to the implementation of then new BOP policy on sex offenders. Any application of any new policy or regulation, such as, the notification policy or the sex offender program to my case will violate my rights under Ex post facto since such application of a new policy to my case would have an adverse affect on me and thus punish me for conduct that there was no such punishment for at the time of my offense or prior sex offense. Ex Post Facto of the Constitution prohibits the use of a rule, law or policy to punish a person when at the time of his offense there was no such XXX punishment. (continued on attached page)

__4-19-04__                                    __[signature]__
DATE                                           SIGNATURE OF REQUESTER

**Part B- RESPONSE**


RECEIVED APR 19 2004

---

_____                    _____
DATE                                      WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

CASE NUMBER: __331808-F1__

FIRST COPY: WARDEN'S ADMINISTRATIVE REMEDY FILE

CASE NUMBER: _____

**Part C- RECEIPT**

Return to: _____
          LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

_____          _____          BP-229(13)
DATE                            RECIPIENT'S SIGNATURE (STAFF MEMBER)    APRIL 1982
USP LVN

**FEDERAL MEDICAL CENTER, DEVENS, MASSACHUSETTS**
**RESPONSE TO REQUEST FOR ADMINISTRATIVE REMEDY #331868-F1**

This is in response to your Request for Administrative Remedy in which you allege that: (1) your Unit Team and the Sex Offender Management Program Coordinator have failed to provide you with specific information about the Sex Offender Management Program (SOMP); (2) BOP policies and regulations regarding sex offenders do not apply to you because they were implemented after your current conviction; (3) you did not consent to your transfer to this facility, and were denied the right to contest your transfer for medical or psychiatric health treatment. You are requesting to be removed from the program and transferred back to FCI Fort Dix.

An investigation into your request revealed the following: Information about the SOMP is available in the Inmate Admission and Orientation Handbook. In addition, you were scheduled to meet with Sex Offender Management Program Coordinator on April 16, 2004, to discuss the Sex Offender Management Program (SOMP), however, you were unable to attend that meeting as a result of being retained by the Inmate Systems Management Department. You met briefly with the Sex Offender Management Program Coordinator on that same date and were informed that you would be placed on callout again to be provided with additional information about the SOMP. You met with the Sex Offender Management Program Coordinator on April 26, 2004. At that time, the Sex Offender Management Program Coordinator answered questions you had about the SOMP, and provided you with information about the program, including the admission criteria, and different components of the SOMP. You will be provided with a thorough written description of the SOMP in the near future.

Records indicate that you have been assigned the Public Safety Factor (PSF) of Sex Offender. Pursuant to Program Statement 5100.07, Security Designation and Custody Classification Manual, Chapter 7, Page 1, PSFs "are certain factors which require increased security measures to ensure the protection of society." Additionally, it is noted that "a conviction is not required for application of this PSF if the Pre Sentence Investigation (PSI), or other official documentation, clearly indicates the following behavior occurred in the current term of confinement or prior criminal history. . . . In the case where an inmate was charged with an offense that included one of the following elements, but as a result of a plea bargain was not convicted, application of this PSF should be entered." Id., page 2. The criteria for the "Sex Offender" PSF is to be applied to a male inmate whose behavior, during his current term of confinement or prior history, includes "engaging in sexual contact with another person without obtaining permission to do so," "any sexual contact with a minor or other person physically or mentally incapable of granting consent," and/or "any offense referenced in the Sex Offender Notification and Registration Program Statement." Id.

According to your PSI, on April 23, 1975, you were charged with Involuntary Deviate Sexual Intercourse; Criminal Attempt: Rape; Indecent Assault; Recklessly Endangering Another Person; and, Terroristic Threats. On September 7, 1975, you entered a guilty plea to the lesser charge of Statutory Rape, and were sentenced to 6 months to 24 months of incarceration. In addition, on July 18, 1979, you were charged with Statutory Rape; Involuntary Deviate Sexual Intercourse; Indecent Exposure; and, Corruption of Minors. On October 23, 1980, three of the four counts, Statutory Rape, Indecent Exposure, and Corruption of Minors, were merged, and you were sentenced to 18 to 36 months of

incarceration. Each of these sex offense convictions is sufficient for the application of the PSF. Thus, I find the PSF to have been appropriately applied.

Bureau of Prisons Policy (Program Statement 5100.07) indicates that inmates can be transferred to other institutions based on security criteria, inmate program needs, and other correctional administrative factors. Your Request for Transfer form indicates your transfer to FMC Devens was requested to increase the inmate population at this facility. Records indicate you were approved for transfer to participate in a program, namely the SOMP. The SOMP is not a medical or psychiatric program, but rather a mandatory management program at FMC Devens for all low and medium security inmates with a Public Safety Factor of Sex Offender. The purpose of the SOMP is to evaluate the treatment and supervision needs of all eligible inmates, and offer and/or recommend specialized sex offender management and treatment services in accordance with those needs. Participation in this program will assist in developing good institutional adjustment and program participation, and community re-integration. You will remain in the SOMP throughout your incarceration at FMC Devens.

Based upon the above stated investigation and findings, your Request for Administrative Remedy is denied.

If you are not satisfied with this decision, you may appeal to the Regional Director at: Bureau of Prisons, Northeast Regional Office, U.S. Customs House - 7th floor, 2nd and Chestnut Streets, Philadelphia, Pennsylvania, 19106. Your appeal must be received in the Northeast Region Office within 20 days of this response.

_____  
David L. Winn, Warden

5/4/4  
Date