# Document 1c

**U.S. Department of Justice**

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: __Taylor, Kevin__ __03421-068__ __N-2__ __FMC-Ft. Devens__
         LAST NAME, FIRST, MIDDLE INITIAL       REG. NO.        UNIT          INSTITUTION

**Part A—REASON FOR APPEAL** — This is a Regional Administrative Remedy Appeal of the Warden's erroneous determination of the facts and misapplication of Policy and violation of federal laws. First, the Warden erred in finding that the sex offender management program ("SOMP") is available in the Inmate Admission and Orientation Handbook, or that the coordinator of such program provided the requested policy statement and criteria for such program. Neither, has provided any information. Further, the Warden then contradicted himself in the last line of the second paragraph where he indicated I will be provided written description of the program in the future, which there is no information presently available. Thus, I should not had been transfer to a program that does not exist in policy. Second, the Warden erroneously found that any record indicate public safety factor (PSF) which requires increased security measures to ensure protection of society. However, Policy for PSF has nothing to do with Low classified inmates being security risk in a low institution which his security measures should be increased. Further, my prior sex offense does not qualify for the sex offender notification law or policy nor registration program since the application of such would violate my right under the Constitution's ex post facto law since sex such (see attached page)

__5-12-04__                                             __Kevin Taylor__
DATE                                                        SIGNATURE OF REQUESTER

**Part B—RESPONSE**




                DATE                                                    REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

THIRD COPY: WARDEN'S ADMINISTRATIVE REMEDY FILE           CASE NUMBER: __331866-R1__

**Part C—RECEIPT**

                                                                                CASE NUMBER: _____

Return to: _____
              LAST NAME, FIRST, MIDDLE INITIAL       REG. NO.        UNIT          INSTITUTION

SUBJECT: _____

USP LVN    DATE       Previous editions not usable       SIGNATURE, RECIPIENT OF REGIONAL APPEAL

BP-230(13)
APRIL 1982

Taylor, Kevin
#03421-068
Unit N-2
FMC-Ft. Devens
Regional Administrative Remedy Appeal

(Continued from attached page):

law and program will have an adverse affect on me where I am being subject to a program and treatment for conduct I was convicted for that at the time of the offense there was no such program and treatment requirement. Moreover, the BOP cannot treat me nor require that I take a mandatory program for an offense that I am not currently incarcerated for. Thirdly, the Warden erroneously found that I could be transferred to a medical/ mental institution based on security criteria, inmate programs needs and other correctional administrative factors. Contrary to this finding, that I could be transferred for security criteria the policy statement states that security classification of low security inmate who are eligible for camp but have a public safety factor cannot be sent to a camp, but since I was already in a low institution then security criteria does not apply because my public safety factor is no factor. Second, the warden's finding that my transfer can be based on administrative factors is also erroneous since there was no administrative factors identified by the warden that required my transfer to Ft. Devens. PS.51 Especially, since there were several other inmates in Ft. Dix requesting transfer to Ft. Devens. Finally, the warden erred in finding that this institution is not a medical facility for both mental treatment and treatment for bodily ailments since inmates sent here for treatment both mental and physical illnesses. Since the SOMP is a program to treat sex offenders which is a psycological treatment then my transfer for such treatment violates PS 5100.07 and 18 U.S.C. section 4245.

Therefore, based upon the foregoing facts and program statement administrative remedy should be granted.

TAYLOR, Kevin
Reg. No. 03421-068
Appeal No. 331868-R1
Page One

---

**Part B - Response**

You appeal the decision of the Warden at FMC Devens to deny your request to provide you with information regarding the Sex Offender Management Program (SOMP), removal of your Public Safety Factor (PSF) of Sex Offender, and your recent transfer to a medical facility. You state you have not been provided with the policy statement or criteria for the SOMP. You claim the PSF of Sex Offender is not applicable in your case because your current incarceration does not involve a sexual offense. Finally, you contend your transfer to FMC Devens was inappropriate based on you not requiring mental/physical treatment. As relief, you request to be removed from the SOMP, transferred back to FCI Fort Dix, and removal of the PSF.

An investigation into your claim revealed on April 26, 2004, you met with the SOMP Coordinator and were provided with information regarding the program which included the admission criteria and different components. You were also advised additional information regarding the program would be forthcoming.

Program Statement 5100.07, Security Designation and Custody Classification Manual, indicates the PSF, Sex Offender, will be applied for an inmate whose behavior in the current term of confinement or prior history involved engaging in any sexual contact with a minor or other person physically or mentally incapable of granting consent.

Records indicate you were charged with Involuntary Deviate Sexual Intercourse, Criminal Attempt, Rape, Indecent Assault, Recklessly Endangering Another Person, and Terroristic Threats. On September 7, 1975, you entered a guilty plea of Statutory Rape. In addition, on October 23, 1980, you pled guilty to Statutory Rape, Indecent Exposure, and Corruption of Minors. As indicated by the Warden, these convictions clearly indicate the PSF of Sex Offender is appropriately applied. Removal of this PSF is not appropriate.

(Continued on page 2)

TAYLOR, Kevin
Reg. No. 03421-068
Appeal No. 331868-R1
Page Two

Program Statement 5100.07, <u>Security Designation and Custody Classification Manual</u>, states an inmate may be transferred for a specialized program to assist with the inmate's program needs. On March 19, 2004, you were approved for transfer from FCI Fort Dix to FMC Devens for the SOMP. As you were advised by the Warden, the SOMP is not a medical/psychological program but a mandatory management program to assist with institutional adjustment and pro-social needs. Accordingly, your appeal is denied.

If you are dissatisfied with this response, you may appeal to the General Counsel, Federal Bureau of Prisons. Your appeal must be received in the Administrative Remedy Section, Office of General Counsel, Federal Bureau of Prisons, 320 First Street, N.W., Washington, D.C. 20534, within 30 calendar days of the date of this response.

Date: June 7, 2004

D. SCOTT DODRILL
Regional Director