# Document 1d

**U.S. Department of Justice**

**Central Office Administrative Remedy Appeal**

Federal Bureau of Prisons

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: **Taylor, Kevin**        **#03421-068**        **J-B**        **FMC-Devens**
    LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A—REASON FOR APPEAL**   This B.P.-11 is being filed to appeal the Regional Direct denial of Administrative Remedy.

First, the Regional Director finding that this inmate could be placed in sex offender manager program ("SOMP") without his consent was contrary thus in violation of PS 5100.07 and 18 U.S.C. section 4245 This program consist of pyschological treatment which the inmate cannot be treated psychologically without his permission especially when he does not have prior history of/ or treatment for mental problems. Second, The BOP/ Regional Director decision to Enforce a mandatory sex treatment program on this inmate for a conviction or convictions that occurred over 29 and 24 years ago violates ex post facto. Third, the BOP/ Regional Director violated the inmate's Fifth Amendment right to be free from double jeopardy, which he is being treated for convictions he already was treated and punished for. Fourth, The BOP/ Regional Director violate the inmate right to due process since he is being treated for convictions that he is not currently incarcerated for, which violated the Eighth Amendment. Lastl the transfer to a mental hosptial/ facility for treatment without the inmate consent violates 18 U.S.C. section 4245 and PS 5100.07.

6-14-04                                      *[signature]* Kevin Taylor
DATE                                         SIGNATURE OF REQUESTER

**Part B—RESPONSE**

---

                DATE                                          GENERAL COUNSEL

**THIRD COPY: WARDEN'S ADMINISTRATIVE REMEDY FILE**         CASE NUMBER: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Part C—RECEIPT**                                          CASE NUMBER: _____

Return to: _____    _____    _____    _____
           LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

_____                      _____
    DATE                            SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

USP LVN                                                         BP-231(13)
                                                                APRIL 1982

**Administrative Remedy No. 331868-A1**
**Part B - Response**

You appeal the Warden's response to your Request for Administrative Remedy in which you challenge the application of the "Sex Offender" Public Safety Factor (PSF) in your case. Specifically, you contend the PSF was applied incorrectly and request it be removed. You also challenge your placement in the Sex Offender Management Program (SOMP) and request transfer back to FCI Fort Dix.

The application of a PSF is within the authority granted to the the Warden and Regional Director pursuant to Program Statement 5100.07, Security Designation and Custody Classification Manual. The intent of this policy is to allow staff to use professional judgment in decisions involving custody classification. The application of a PSF, addressed in Chapter 7, overrides security point scores to ensure the appropriate security level is assigned to an inmate, based upon his or her demonstrated current or prior behavior. As noted by the Warden, your Presentence Investigation Report (PSR) reflects prior convictions which support the application of the Sex Offender PSF. We find this decision appropriate, within the Warden's discretion and in compliance with the above-referenced policy.

As to your challenge of your placement in SOMP, the Warden has provided a detailed and thorough response to the issue you raise on appeal. The SOMP is mandatory management program designed to assist the inmate with institutional adjustment, pro-social needs, and reintegration into the community. It is not medical or psychiatric program, as you have claimed. Finally, you do not provide, nor do we find, any evidence that your due process rights have been violated.

We find no reason to depart from the decision rendered by the Warden. Accordingly, your appeal is denied.

August 13, 2004
Date

Harrell Watts, Administrator
National Inmate Appeals