# Document 2

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KEVIN TAYLOR,<br>        Plaintiff,<br><br>v.<br><br>HARLEY LAPPEN, et al.,<br>        Defendants. | )<br>)<br>)<br>)  Civil Action No. 04-40163-PBS<br>)<br>)<br>)<br>) |

### DECLARATION OF CHERYL A. RENAUD, Ph.D.

I, CHERYL A. RENAUD, hereby make the following declaration:

1. I am employed by the United States Department of Justice, Federal Bureau of Prisons, at the Federal Medical Center Devens ("FMC Devens") in Ayer, Massachusetts. I have been employed with the Federal Bureau of Prisons since September, 1999. I am a Psychologist and the Coordinator of the Sex Offender Management Program ("SOMP") at FMC Devens. As the SOMP Coordinator, I am responsible for overseeing the SOMP and its staff, and for coordinating the evaluation, management, and discharge planning for inmates in the SOMP at FMC Devens.

2. In December of 2002, the Federal Bureau of Prisons (BOP) approved the development and implementation of a comprehensive management strategy for all sex offenders in the BOP. This was created for the purpose of increasing institution security by effectively reducing sexual victimization of staff and inmates and decreasing criminal recidivism of sex offenders upon release from prison through effective risk appraisal, risk management, psychological treatment, and community transition planning.

3. The SOMP at FMC Devens was activated on March 1, 2004. While the SOMP has been in continuous operation since this time, different components of the program continue to be implemented. There are currently 440 inmates enrolled in the program. The SOMP is comprised of four interrelated components: assessment, management, treatment, and release planning. A psychological evaluation and risk assessment is completed for each SOMP participant. SOMP staff then use the evaluation results to make management and treatment recommendations for each participant in the program. Additionally, SOMP staff and each participant's Unit Team collaborate to develop a sound release plan for the program participant. The release plan typically addresses possible placement in Community Corrections Centers (halfway houses), appropriate post-release housing, as well as recommendations for employment, community-based treatment, and community supervision.

4. I am aware of the complaint filed by Kevin Taylor, Reg. No. 03421-068, an inmate at FMC Devens and his allegations that he has been forcibly placed in the SOMP for mental illness treatment. The SOMP program is a management program and is not a mental illness treatment program. Although the SOMP is a mandatory program assignment, some program components (i.e., completing psychological tests, participating in psycho-education classes, participating in non-residential therapy) are voluntary. SOMP staff and Unit Team may recommend that an inmate participate in these voluntary components. Incentives are offered to encourage participation. For instance, an inmate may be given a Certificate of Completion for successful participation in the voluntary psycho-educational program. An inmate's refusal to participate in the voluntary components of the program may also be one of the factors considered by his Unit Team in assessing his institutional adjustment and in making recommendations for halfway house placement. These incentives are outlined in a written description of the program (i.e., SOMP Inmate Handbook), that is provided to each program participant.

5. Records indicate that on March 31, 2004, inmate Taylor was transferred to FMC Devens to participate in the SOMP. He was assigned as a General Population inmate. On April 6, 2004, inmate Taylor submitted an inmate request to staff to me requesting information about the SOMP. On April 12, 2004, I informed him that I would place him on call out for an appointment later in the week. On April 16, 2004, inmate Taylor was scheduled to see me for an appointment. When inmate Taylor did not appear for the scheduled appointment, he was located and informed by myself that the appointment would be rescheduled for another date. On April 26, 2004, a psychology intern and I met with inmate Taylor to inform him of his inclusion in the SOMP, and to conduct a SOMP intake interview. At that time, the components of the SOMP were described, and his questions about the program were answered. While he agreed to participate in the interview, he chose not to answer many of the questions about his personal history and sexual offenses. During that interview, he stated he was not interested in sex offender treatment. He was informed that he would continue to be managed in the SOMP. During that meeting, I may have informed him that he is subject to abide by the same standards of conduct of all inmates, and that his Unit Team may consider his level of participation in the SOMP in evaluating his institutional adjustment and for making such decisions as a Community Corrections Center referral. However, I never threatened him with losing certain privileges such as Community Corrections Center placement as a result of not participating in the program.

6. Records indicate that on May 14, 2004, SOMP staff met with inmate Taylor for the purpose of providing him with an opportunity to read the SOMP Inmate Handbook and to answer any questions he may have about his participation in the program. Records indicate he read the handbook and his questions about the program were answered. He refused to sign a form acknowledging he was aware of his involvement in the SOMP. According to records, he requested to take a copy of the handbook with him, and he was provided with a copy.

7. Records indicate that on or about April 5, 2005, SOMP staff met with inmate Taylor to inform him that his SOMP discharge evaluation was being initiated. He was reminded of the purpose of the evaluation, was educated about the evaluation process, and was asked

to complete a variety of paper-and-pencil psychological tests. He elected not to participate in the psychological testing portion of the SOMP discharge evaluation process. He was reminded of the potential consequences of not participating in the SOMP evaluation process, as outlined in the SOMP inmate handbook. No further attempts were made to elicit his participation. His records indicate he has never received disciplinary action as a result of non-participation in SOMP.

8. While SOMP staff have not met with Mr. Taylor since April 5, 2005, records indicate that inmate Taylor was seen by Psychology Services Staff on June 27, 2005 and November 1, 2005 while he was housed in the Special Housing Unit. Records reveal that he did not report any acute distress, suicidal issues, or difficulties adjusting to the Special Housing Unit.

9. Inmate Taylor is expected to remain in the SOMP until he is released to the community or is transferred to another BOP facility. The formal treatment components of the SOMP (i.e., psycho-education, sex offender therapy) have not yet been implemented at FMC Devens. Mr. Taylor has not been forced to participate in sex offender specific treatment, and has not participated in such treatment at FMC Devens. Should sex offender treatment become available while inmate Taylor is incarcerated at FMC Devens, SOMP staff may meet with him to assess his interest in treatment at that time. However, Mr. Taylor will not be forced to participate in any treatment that is offered.

I declare under penalty of perjury and pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge.

Executed this 3rd day of May 2006.

Cheryl A. Renaud, Ph.D.
SOMP Coordinator
FMC Devens