UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
[CLERK'S] OFFICE

[2006] AUG -9 P 1:53

U.S. DISTRICT COURT
DISTRICT OF MASS

KEVIN TAYLOR,

    Plaintiff,

v.

HARLEY G. LAPPEN, Director,
Federal Bureau of Prisons;
C. BECOTTE, Chief Psychologist,
FMC Devens; S. BISCI, Social
Worker, Psychology and Mental
Health Department, FMC Devens;
C. J. DEROSA, Warden, FCI Fort
Dix; HERNANDEZ, Unit Manager,
FMC Devens; HUFNAGEL, Case
Manager, J-Unit, FMC Devens;
C. MAYO, Psychologist Technician,
FMC Devens; C. RENAUD,
Psychologist, FMC Devens;
D. DODRILL, Regional Director,
Northeast Regional Office,
Federal Bureau of Prisons; J.
STRICKLAND, Case Manager, Unit
5752, FCI Fort Dix; UNKNOWN
Unit Manager, FCI Fort Dix, Unit
Manager of Units 5752 and 5751;
DAVID L. WINN, Warden, FMC Devens,

    Defendants,

CIVIL DOCKET NO.
04-40163-PBS

### MOTION IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS, OR SUMMARY JUDGMENT

    The Plaintiff, KEVIN TAYLOR, by and through Pro se, and hereby respectfully files in opposition to defendants' motion to dismiss, or summary judgment, the following:

    On or about January, 2004, the defendants (Lappin, Dodrill, Winn, and Becotte, Mayo, and Renaud implemented or promulgated a mandatory sex offender program without first complying with the "notice and comment" rulemaking requirements of the

Administrative Procedure Act ("ADA") of 5 U.S.C. § 551 et seq.

Between 2001 to 2004, defendants (Strickland, Unknown Unit Manager) acted with deliberate disregards to Plaintiff's life, care, and mental health when they relied on Plaintiff's twenty-seven (27) year old State conviction to classify him as a sex offender for purpose of assigning him a public safety factor in violation of 18 U.S.C. § 4042(c), and in violation of his rights to due process.

Sometime between January to March, 2004, and prior to Taylor's arrival to FMC Devens, defendants (Renaud, Bisci, Winn, and Hufnagel, and Hernandez) conducted a town-house meeting to inform the inmate population of the arrival of sex offenders and pedophiles, which placed Plaintiff in a hostile, unsafe, and tense environment that eventually caused him mental duress, anguish, anxiety and stress.

On March 31, 2004, defendants (Strickland, Unknown Unit Manager, C.J. DeRosa, Dodrill, and Lappin, and Winn) acted deliberately indifferent to Taylor's life, care, and mental health when they transferred him from FCI-Fort Dix to FMC-Devens, a medical and mental health facility for pyschological treatment in an invalid sex offender program without first providing him "notice and hearing" as required by statute 18 U.S.C. § 4245, which thus violated his rights to due process.

After Plaintiff arrived in Devens, defendants Winn, Renaud, Becotte, Mayo, and Hufnagel) placed him in N-Unit, a mental illness building for mentally disturbed inmates, and then

provide the information to the public which identifies BOP personnel such as Unknown Defendant, nor does the defendants provides the method that the Plaintiff would use to obtain this public information while in prison. Besides, such assertions were conclusory statements which should be disregarded as unsupported allegations, and meritless. Ostrer v. Aronwald, 567 F.2d 551 (2d Cir. 1977)

Even assuming there is a method , or information available to the public to identify federal employees, still the plaintiff would have to had access tp such information.

Nonetheless, district court has authority to grant leave to Plaintiff to proceed anonymously as to unnamed defendant until he is given an opportunity to file for discovery which would provide the identity of such defendant.

Indeed, the Court should exercise caution when considering an unskilled, untrained lay-person who is proceeding in pro se litigation by giving him an opportunity to discover the identity of unknown defendant.

Accord, the unknown defendant should not be dismissed as a defendant in this complaint.

> 2. **The Plaintiff has made a Bivens Claim againtst Individual defendants where he alleged their acts of deliberate indifferent to his constitutional rights.**

The defendants states that the plaintiff has failed to state any Bivens claim against the indivdual defendants as he has failed to allege that they committed any specific unconstitutional acts. The defendants suggest in support of this contention that Plaintiff's

6.

allegation that the defendants violated his constitutional rights as a result of placing him in the somp for mental illness treatment should be dismiss because plaintiff has failed to articulate a claim on the issue of due process.

The gist of the defendant's contention, that the Plaintiff's failure to state a <u>Bivens</u> claim against individual defendants, is that the Plaintiff failed to allege a single constitutional act or omission by individually named defendants. However, this contention is false, thus, without merit.

On the contrary, the Plaintiff presented sufficient facts that demonstrates each individual defendants acts of deliberate indifferent to his life, care and mental health where he alleged that they acted in disregard of his clearly established rights protected by due process, and further, their acts also violated his constitutional rights under ex post facto, and his rights to be free from cruel and unusual punishment. In other words, in his amended complaint, the original complaint and affidavit, Plaintiff presented facts as to the defendants acts of deliberate disregrads when misclassifying him a sex offender in violation of statute 18 U.S.C. section 4042(c), which he had a due process protected liberty interest invested in such statute that mandate defendants (Hufnagels, Hernandez, Strickland, Unknown defendant, and Dodrill, and Lappin, and Winn) to adhere to.

As to this first claim, statute (18 U.S.C. section 4042(c)) is a clearly established right promulgated by Congress to determine notification of federal sex offenders convicted under federal laws.

to classify federal offencers as sex offenders. <u>Simmon</u>, supra; <u>Fox</u>, supra. The BOP was required to adhere to such statute when determining sex offenders for notifications. Clearly, Taylor had an invested liberty interest in such statute that was protected by the due procee clause. See <u>Sardin v. Conneer</u>, infra, 515 U.S. 472, 115 S.Ct. ___, 132 L.Ed.2d 418 (1995)

Further, the defendarts cannot claim that their acts imposes an atypical, and significant hardship on him in relation to the ordinary incidents of prison life when such improper classification caused him unnecessary, needless, and wanton hostility through verbal, mental, and emotional abuse. Here, the defendants created a hostile environment that was such atypical and significant hardship on the plaintiff since he suffered unusual trauma outside the normal suffering of prison life. <u>Id</u>. Moreover, plaintiff's needless suffering was not the incident of prison life when other inmates never endure such hostility nor mental anguish as a result of the defendants improper acts. <u>Id</u>.

to this end, Taylor presented a due process claim where his liberty interest invested in statute (18 U.S.C. section 4042(c)) prohibited the defendants from using state convictions to classify him a sex offender for purpose of notification. <u>Simmon</u>, supra; <u>fox</u>, supra.

Secondly, the Plaintiff asserted in his complaint and amended complaint that defenants (Lappin, DOdrill, Winn, renuad, and Becotte, and Mayo) never implemented or promulgated the SOMP through the Administrative Procedure Act ("APA") where they failed to comply

with the notice and comment rulemaking requirement of APA.

Because such program was never implemented through the APA then such was invalid. See Exhibit "A" Especially, when the APA "provides generally that an agency must publish notice of a proposed rulemaking in the Federal Register and afford "interested persons an opportunity to participate . . . . through submission or written data, views, or arguments." Lincoln, 508 U.S. at 195, 173 S.Ct. 2024 (quoting sections 553(b), (c). Further, numerous Courts has found that the APA applies to the BOP rulemaking." Iacaboni v. United States, 251 F.Supp.2d 1015, 1035 (D.Mass. 2003); see id (Listing cases).

Since these above-mentioned defendants implemented a program without first complying with the notice and comment rulemaking requirements of APA prior to Taylor's transfer then such progeam was invalid.[1]

With the facts and law being clear that the SOMP was an invalid program, just as the facts and law show that Taylor's sex offender classification was improper, then this transfer based on such improper and invalid factios was a violation of his due process rights since he had an invested "liberty interest" in these statutes (section 551, 553 et seq., and section 4042(c)) specific method when such procedure bound the BOP discretion. Sandin.

---

1/ The Bop new rule regarding SOMP is a substantive rule which has the effect of law since such does not leave the agency officials free to exercise discretion in an individual case but instead requires uniform, predetermine outcome that admits of no exception.

10.

Center for psychological treatment. Because the defendants failed to comply with the statute's requirement of notifying Plaintiff of such transfer so that he could object then Taylor was denied due process.

In fact, the defendants failed to inform Plaintiff on the date he was ordered to pack up his property that he was being sent to Devens to be forcefully placed in the SOMP which requires psychiatric treatment. Actually, the Plaintiff was unaware of his designation until the date he was placed on the bus.[2]

Since the statute requires strict compliance with a specific procedure that limits the BOP decretion then such law has the protection of the Due Process Clause. Indeed, both the BOP Program Statement (5100.07) and Statute (18 U.S.C. § 4245) provides specific methods that restricts BOP's discretion in performing such transfers then such are liberty interests protected by the due process clause.

Because the defendants failed to comply with the mandatory procedures of program statement 5100.07 or statute §4245 then such act was a deliberate disregard of Taylor clearly eastblished right, which thus violated his rights under due process especially since he had an invested liberty interest in such procedures.

Where the defendants argues that Taylor's claim of being transfer to Devens is meritless when the Courts has already held

---

[2]/The BOP has a policy that prohibited them from informing inmates prior to transfer of the designation of the transfer, but this rule does not require the agency to withhold the type of transfer being implemented, which is irrelevant to the designation.

12.

that the BOP has sole discretion in placing inmates in particular program and institutions. This argument is clearly false in this case, thus, the case law cited therein are misplaced.

As shown, Taylor's claim pertains to a medical or mental treatment transfer, which is not an ordinary transfer. This being so, only statute ( 18 U.S.C. 4245) applies to medical or mental treatment transfers which provides a specific procedures that limits the BOP's discretion. See 18 U.S.C. section 4245; also see <u>United States v. Frierson</u>, 208 F.3d 283 (1st Cir. 2000)(vacated an order of commitment finding that inmate had a statutory right to attend the hearing, which he was not provided the requisite opportunity to participate in the hearing).

Further, the Supreme Court emphasizes that involuntary commitment to a federal medical center removes a prisoner from the general prison population and attaches to him or her a certain stigma. See <u>Vitek</u>, 445 U.S. at 492, 100 S.Ct. 1254. More importantly, Congress responded to <u>Vitek</u> by holding that the involuntary transfer of a prisoner to a mental hospital implicated liberty interests protected by constitutional due process. See S. Rep. No. 98-225, at 247-49 (1983); See also, <u>Frierson</u>, supra.

Clearly, under statute 4245, Taylor had a liberty interest which the defendants violated his due process right by failing to provide him the requisite notice and hearing prior to the transfer for mental or psychological treatment as a sex offender. Thus, under these circumstances, the defendants contention that Plaintiff failed to state a claim of constitutional violation must fail.

13.

In addition, the Plaintiff stated a claim of constitutional violation when he alleged that hte defendants acts of imposing a mandatory invalid programs with adverse consequences, that violated his rights under ex post facto, In other words, the Plaintiff argues that SOMP disqualified him for CCC placement violates the Ex Post Facto Clause.

Here, the defendants implemented a program that affected Taylor CCC placement which at the time (1979) when he committed the offense there was no penalty requiring participation in a SOP (sex offender program) that adversely affected his early release. Thus, such program increased his punishment for that crime, which caused a disadvantage to him. Because the BOP had treated SOMP as binding administrative regulations, as opposed to those that serve merely as guidelines for discretionary decisionmaking then such are laws subject to ex post facto analysis. See Hamm v. Latessa, 72 F.3d at 956 n. 14; See also, Monahan v. Winn, 276 F.Supp.2d 196, 219 (D. Mass. 2003)("the Ex Post Facto Clause simply forbids retroactive application of the BOP policy change to prisoners whose offense conduct predated the change").

Further, two trial courts in this district have previously held that the BOP's change in its community corrections center (CCC) policy, which terminated the placement of inmates into halfway houses to serve short terms of imprisonemnt, violated the Ex Post Facto Clause as to defendants who had been sentenced before the policy change. See Iacaboni, 251 F.Supp.2d at 1018; see also Monahan, supra.

Similar to the CCC policy, the BOP SOMP also violates the Ex Post Facto Clause where this policy places adverse conditions and sanctions on Plaintiff for acts he committed before the enactment of the program.

Under the SOMP, the defendants enacted a mandatory program that has adverse consequences on plaintiff because he refused to participate in such program, which were not defined penalties at the time of the offense he was convicted for. In fact, at the time Taylor was convicted of his sex offense, there was no psychological treatment program, thus, the defendants policy enforcing a pyschological treatment program on him some 27 years later violates his constitutional rights under the ex Post Facto Clause. Further, Taylor's constitutional rights were violated when the defendants denied him policy (CCC placement, Camp, and placement in an ordinary institution) he had a right to as a result that was invalid, thus, violated his ex post facto rights.

Certainly, the Plaintiff stated a claim where he demonstrated the defendants deliberated enactment of an adverse program that placed him in a situation his offense did not defined at the time he committed that crime.

Clearly, the facts show that each defendant acted in some way deliberately indifferent to Taylor's mental health. It is evident, when the defendants admit they used a 27 years old state conviction that he is not sentenced for to classify him as a sex offender, use this same conviction that has nothing to do with

15.

his incarceration to improperly transfer him to a mental treatment hospital, and finally, apply an invalid program that defined psychological treatment. Surely, Taylor's due process right was violated when he had a liberty interest in statutes 18 U.S.C. section 4042(c), 18 U.S.C. section 4245, and 5 U.S.C. section 551, 553 et seq., which the defendants failed to adhere to.

Just as Taylor had a constitutional right not to be punish conduct/ acts that occurred prior to the enactment of a policy.

Lastly, as a result of the defendants actions, Taylor suffered unnecessary, wanton mental anguish, duress, and stress which had an affect on his mental health.

## CONCLUSION

For the reasons discussed above, the Defendant's motion to dismiss or in alternative, summary judgment should be denied.

Respectfully submitted,

_____
KEVIN TAYLOR
Pro se-Plaintiff
427 Mt. Pleasant Road, Apt 899
Pittsburgh, PA 15214

## CERTIFICATE OF SERVICE

I certify that on this day a true copy of the above document was served by first class mail, postage prepaid, upon the attprney for the defendants at the follow address:

Christopher R. Donato, Assistant U.S. Attorney
John J. Moakley Courthouse
1 Courthouse Way, SUite 9200, Boston, MA 02210

Dated: August 4, 2006

_____

16.