# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

_____
                                 )
KEVIN TAYLOR,                    )
            Plaintiff,           )
                                 )        **CIVIL ACTION**
v.                               )        **No. 04-40163-PBS**
                                 )
HARVEY LAPPEN, ET AL.            )
            Defendants.          )
_____)

### Report and Recommendation
March 8, 2007

**HILLMAN, M.J.**

### Nature of the Proceedings

This matter was referred to me by Order of Reference dated December 13, 2006, for

Findings and Recommendations pursuant to 28 U.S.C. §636(b)(1)(B) on Defendants' Motion To

Dismiss Or, In The Alternative, For Summary Judgment (Docket No. 31).

### Nature of the Case

Plaintiff, Kevin Taylor, brought this civil rights action against: Harley G. Lappin,

Director, Federal Bureau of Prisons; C. Becotte, Chief Psychologist, FMC Devens; S. Bisci,

Social Worker, Psychology and Mental Health Department, FMC Devens; C.J. DeRosa, Warden,

FCI Fort Dix; Hernandez, Unit Manager, FMC Devens; Hufnagel, Case Manager, J-Unit, FMC

Devens; C. May, Psychologist Technician, FMC Devens; C. Renaud, Psychologist, FMC

Devens; D. Rodrill, Regional Director Northeast Regional Office, Federal Bureau of Prisons; J.

Strickland, Case Manager, Unit 5752, FCI Fort Dix; Unknown Unit Manager, FCI Fort Dix, Unit

Manager of Units, 5752 and 5751; and David L. Winn, Warden FMC Devens. Mr. Taylor alleges that the Defendants violated his rights under the Fifth, Sixth and Eighth Amendments of the United States Constitution by transferring him to The Federal Medical Facility Devens ("FMC Devens") and requiring that he participate in a treatment program for sexual offenders. Mr. Taylor seeks declarative, injunctive[1] and monetary relief.

### The Defendants' Motion

Defendants have filed a motion to dismiss or, in the alternative, for summary judgment. Defendants attached copies of the following to its motion: Mr. Taylor's public information data; his request for administrative remedy; the related appeals and the responses thereto; relevant portions of various policy/program statements and manuals; and the Declaration of Cheryl Renaud, Ph.D. *See* Docket No. 32. Mr. Taylor has filed an opposition to Defendants' motion to which he attached a copy of the denial of his Central Office Administrative Remedy Appeal. Since both parties have relied on matters outside of the pleadings, I will treat Defendants' motion as one for summary judgment.[2]

---

[1]Construing Mr. Taylor's Complaint and Amended Complaint liberally, as I am required to do, I find that Mr. Taylor is asserting claims against the Defendants pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents,* 403 U.S. 388, 91 S.Ct. 1999 (1971), which established that federal officials could be sued for damages in federal court for violating an individual's constitutional rights. The only remedy available in such action is an award for monetary damages. With respect to his request for injunctive/declarative relief, I will presume that Mr. Taylor is requesting the Court exercise its equity jurisdiction and order the Defendants to enforce his right to Due Process under the Fifth Amendment and his right to be free from cruel and unusual punishment under the Eighth Amendment by transferring him out of FMC Devens. However, Mr. Taylor has completed his sentence and been released from custody. Therefore, to the extent that he is seeking inunctive/declarative relief, his request should be **denied** as moot. *See Salahuddin v. Goord,* 467 F.3d 263 (inmate's transfer from correctional facility moots claims for declaratory and injunctive relief against officials of that facility); *Senty-Haugen v. Goodno,* 462 F.3d 876, 889 (1st Cir. 2006)(equitable remedies are unavailable absent showing irreparable injury; where period of isolation at state facility ended prior to prisoner's transfer to federal facility, his claims for injunctive and declaratory relief against state facility were moot).

[2]Since the Defendants' titled their motion in the alternative, Mr. Taylor was on notice that it could be treated as one for summary judgment. Furthermore, the substance of Mr. Taylor's opposition makes it clear that he was aware that the motion could be treated as one for summary judgment. Therefore, he had reasonable opportunity to present all material he deemed pertinent to such a motion.

**Standard Of Review**

Summary judgment is appropriate when the record indicates that "there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. In this context, "material" means that a contested fact has the potential to change the outcome of the suit under the governing law if the dispute over it is resolved favorably to the nonmovant, and, "genuine" means that the evidence about the fact is such that a reasonable jury could resolve the point for the nonmoving party. *Suarez v. Pueblo Int'l, Inc.*, 229 F.3d 49, 53 (1st Cir. 2000). Furthermore, summary judgment is properly entered against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which the party will bear the burden of proof at trial. *Celetex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548 (1986); *Connell v. Bank of Boston*, 924 F.2d 1169, 1172 (1st Cir. 1991). Finally, when considering a motion for summary judgment, courts "view the entire record in the light most favorable to the party opposing summary judgment, indulging all reasonable inferences in that party's favor." *Suarez*, 229 F.3d at 53.

**Facts**

1.      On June 28, 1989, Mr. Taylor was convicted in the United States District Court for the Western District of Pennsylvania of conspiracy to possess with intent to distribute and distribution of 3-methyl-fentanyl, and possession with intent to distribute and distribution of heroin. He was sentenced to a term of twenty years incarceration followed by a three year term of supervised release.

2.      From May 1, 2001 through March 31, 2004, Mr. Taylor was being housed at the

Federal Correctional Institution, Fort Dix, New Jersey.  On March 21, 2004, Mr. Taylor was

transferred to FMC Devens to participate in that facility's sex offender treatment program.

3.      Mr. Taylor was transferred pursuant to policies and procedures promulgated by

the BOP pursuant to 18 U.S.C. § 3621

4.      Mr. Taylor was not provided with notice of his impending transfer, nor was he

permitted to object thereto.

5.      In December 2002, the BOP approved the development and implementation of a

comprehensive management strategy for all sex offenders under its supervision.  The Sex

Offender Management Program ("SOMP") at FMC Devens was activated on March 1, 2004 and

has been in continuous operation since that time.  The SOMP at FMC Devens has four

components: assessment, management, treatment and release planning.  A psychological

evaluation and risk assessment is completed for each inmate participating in the program.  The

SOMP is not a mental illness treatment program, rather it is a management program.  Although

participating in the SOMP is mandatory for all sex offenders, not all program components are

mandatory.  For example, psychological tests, participating in psychological classes and in non-

resident therapy are voluntary, with incentives offered to encourage participation. *Declaration of*

*Cheryl A. Renaud Ph.D.*, attached as Document 2, to *Mem. In Sup. Of The Defs' Mot. To Dismiss*

*Or, In The Alternative For Sum. J.* (Docket #32)("*Defs.' Mem.*"), at ¶¶2-4

6.      When Mr. Taylor was first transferred to FMC Devens, he was assigned as a

general population inmate.  In his initial interview with the staff, Mr. Taylor indicated that he

was not interested in participating in sex offender treatment.  He was told that he would continue

to be managed by the SOMP and that his participation in the program could be considered when evaluating his institutional adjustment and for making such decisions as to whether he should be referred to a Community Corrections Center.  He was never threatened with losing any privileges if he failed to participate.  *Id.*, at ¶ 5.  Essentially, Mr. Taylor refused to participate in the SOMP; he was never disciplined for his lack of cooperation. *Id.*, at ¶7.  Furthermore, during the course of his stay and up until May 3, 2006, the formal treatment components of the SOMP (*i.e.,* psycho-education, sex offender treatment), had yet to be implemented at FMC Devens. *Id.*, at ¶9.  If such components were to become available prior to Mr. Taylor's release, he would be offered the opportunity to participate in treatment, but would not be forced to participate. *Id.*

7.     Mr. Taylor's term of incarceration has been satisfied and he has been released from FMC Devens.

## Discussion

Mr. Taylor is proceeding pro se and therefore, this Court will review his pleadings liberally. *See Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997); *Kane v. Winn*, 319 F.Supp.2d 162, 215 (D.Mass. 2004)(pro se complaints are bo be held to less stringent standard than formal pleadings filed by lawyer).   At the same time, "pro se status does not insulate a party from complying with procedural and substantive law ... The policy behind affording pro se plaintiffs liberal interpretation is that if the present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." *Ahmed*, 118 F.3d at 886.

The Defendants have filed a motion for summary judgment pursuant to which they assert that: the unnamed defendant should be dismissed for lack of personal jurisdiction; the Plaintiff has failed to state a *Bivens* claim against the individual Defendants as he has failed to allege a

5

specific constitutional violation; the Defendants are entitled to dismissal on the grounds of

qualified immunity; the Plaintiff's claims against the administrators must be dismissed since they

cannot be held liable on *respondeat superior* grounds; and as a matter of law, the factual

allegations asserted in support of Plaintiff's claims do not rise to the level of constitutional

violations. Initially, I will address whether the named Defendants are entitled to summary

judgment and then, whether the claims against the unnamed Defendant should survive.

### Whether Mr. Taylor Has Alleged A Violation Of His Constitutional Rights

Defendants argue that Mr. Taylor's Amended Complaint must be dismissed because he

has failed to allege specific facts against any individual Defendants which would establish that

such Defendant violated his constitutional rights.  Rather, his allegations consist of nothing more

than broad, conclusory statements that his rights were violated, which as a matter of law, is

insufficient to support a *Bivens* claim against these Defendants.

In order to state a *Bivens* claim, Mr. Taylor must establish, as to each individual

Defendant that: (1) such official deprived him of a constitutional right; and (2) in doing so, such

official acted under color of federal law.  *Davis v. United States*, 430 F.Supp.2d 67, 78 (D.Conn.

2006).  "A claim under .... *Bivens* will not be dismissed if Plaintiff has set forth `specific and

detailed factual allegations' demonstrating Defendant's personal or direct involvement in the

constitutional deprivation". *Id.*, at 78-79 (citation to quoted case omitted).  Furthermore,

"Defendant's personal involvement cannot be inferred or presumed from Plaintiff's `bald

assertion[s] and conclusory terms'". *Id.* (citation to quoted case omitted).

Construing Mr. Taylor's Complaint liberally, I find that he alleges that the Defendants,

all of whom are federal prison officials, violated his Fifth Amendment Due Process rights, his

Fifth Amendment right not to be punished twice for the same offense (*i.e.,* Double Jeopardy), his Eighth Amendment right to be free from cruel and unusual punishment and the Ex Post Facto Clause (Section 9, Article I of the Constitution)[3], when they classified him as a sex offender, transferred him to FMC Devens and forced him to participate in a sex offender treatment program. He further alleges that Defendants' conduct has caused him emotional harm and threatened his physical well being.

The problem is that Mr. Taylor makes general and conclusory allegations that these Defendants violated his constitutional rights; he does not set forth facts specific to each individual Defendant, that is, he does not allege the role that any of these Defendant played in his classification as a sex offender, his transfer and/or requiring him to participate in the sex offender treatment program. In order to find that Mr. Taylor has alleged specific acts or omissions attributable to each Defendant which violated his constitutional rights, this Court would have to infer that given the position in which such Defendant is employed, s/he must have participated in the decision to classify Mr. Taylor as a sex offender and transfer him to FMC Devens to participate in the sexual offender program, or that such Defendant knew or should have known of Mr. Taylor's transfer and acted to prevent it. Mr. Taylor has filed an opposition to the Defendants' motion. In that opposition, he makes the following specific factual allegations against the Individual Defendants:

1.    Defendants' Lapin, Dodrill, Win, Becotte, May and Renaud implemented or promulgated a mandatory sex offender program without complying

---

[3]Even under a liberal reading of Mr. Taylor's original and amended Complaints, I do not find that he has asserted a claim for violation of the Ex Post Facto Clause of the United States Constitution. However, in his opposition to Defendants' motion, he spends a good deal of time arguing that his transfer to FMC Devens violated the Ex Post Facto Clause. Therefore, for purposes of this Report and Recommendation, I have assumed that he has asserted such a claim.

with the "notice and comment" rule making requirements if the
Administrative Procedure Act, 5 U.S.C. §551, *et seq.;*

2.    Defendant Strickland and the unknown Unit Manager classified him as a sex
offender based on a twenty-seven year old conviction;

3.    Prior to his arrival at FMC Devens, Defendants Renaud, Bisci, Winn, Hufnagel
and Hernandez held a meeting to inform the inmate population of the pending
arrival of sex offenders and pedophiles (which would include him);

4.    Defendants Strickland, Unknown Unit Manager, DeRosa, Dodrill, Lappin and
Winn, were responsible for transferring him to FMC Devens for psychological
treatment and to participate in a sex offender treatment program, without first
providing him with notice and an opportunity to be heard; and

5.    After he arrived at FMC Devens, Defendants Winn, Renaud, Becotte, Mayo and
Hufnagel placed him in a unit for mentally disturbed patients.

Because Mr. Taylor is proceeding pro se, for purposes of determining whether he has

asserted specific facts against each Defendant which he alleges violated his constitutional rights,

the Court will consider factual allegations made by him in his opposition to supplement the

allegations contained in his Amended Complaint. *See United States v. Michaud,* 925 F.2d 37 (1st

Cir. 1994). Although it is a close call, I do not find that Mr. Taylor's Amended Complaint

should be dismissed on the ground that he failed to allege that the Defendants committed any

specific unconstitutional acts.

## Whether The Defendants Are Entitled To Qualified Immunity

Plaintiff asserts that the individual Defendants violated the Ex Post Facto Clause, his Due

Process Rights, the Double Jeopardy Clause of the Fifth Amendment and his Eighth Amendment

Right to be free from cruel and unusual punishment by classifying him as a sex offender,

transferring him to FMC Devens and forcing him to participate in the sex offender treatment

program. The Defendants argue that Mr. Taylor's claims should be dismissed on qualified

immunity grounds because he has failed to establish that they violated any of his clearly established constitutional rights.  Although Mr. Taylor does not specifically address whether the Defendants are entitled to qualified immunity, he does argue that each of them violated his clearly established constitutional rights.

<u>The Qualified Immunity Standard</u>

In determining whether an individual defendant against whom a *Bivens*' claim has been asserted is entitled to qualified immunity, the court must first ascertain "'whether the plaintiff has alleged the deprivation of an actual constitutional right', [the Court then] must 'proceed to determine whether that right was clearly established at the time of the alleged violation'". *Abreu-Guzman v. Ford*, 241 F.3d 69, 73 (1st Cir. 2001)(citation to quoted case and internal citations omitted).  If the plaintiff that his/her clearly established constitutional rights were violated, then the defendant is entitled to qualified immunity only if "an objectively reasonable [person in that individual's place], performing discretionary functions, would [not] have understood his or her conduct violated that clearly established constitutional right'". *Id.*

<u>Whether The Defendants Violated Plaintiff's Due Process Rights By Classifying Him As A Sex Offender And Transferring Him To FMC Devens Without Notice And An Opportunity To Be Heard?</u>

Under the BOP Guidelines in effect at the time of Mr. Taylor's transfer to FMC Devens, if an inmate's prior history (determined either through a prior conviction, the pre-sentence investigation report or other official documentation) included specified sexual conduct, then the BOP could impose a sexual offender public safety factor ("PSF") to such inmate. *See Document 1e attached to Defs.' Mem.*  (Fed. Bureau of Prisons, U.S. Dep't of Justice, Program Statement

5100.07 ("Program Statement 5100.07"), Chapter 7, at 1-2 (1999))[4]. Application of a PSF to an inmate is a factor in determining the security level of the institution in which the inmate is housed; a sex offender must be housed at security facility with a designation of at least "low-security level". Mr. Taylor had been designated as a sex offender as the result of state court convictions in 1975 and 1980 for crimes which can be characterized as sexual offenses.[5] Therefore, the BOP transferred him to FMC Devens to undergo sex offender treatment.

Mr. Taylor asserts that the Defendants violated his Due Process rights because he was not provided notice and an opportunity to be heard prior to his transfer to FMC Devens. "Congress has vested the BOP `with the right to exercise complete and absolute discretion in matters relating to the incarceration and classification of lawfully convicted prisoner[s]'". *Mcafee v. Patton*, No. 06-CV-68-HRW, 2006 WL 1313644 (E.D.Ky. May 11, 2006)(citing 18 U.S.C. §3621; *Moody v. Daggett*, 429 U.S. 78, 88 97 S.Ct. 274)). "The general rule is that the Due Process Clause of the United States Constitution does not confer any right upon an inmate to any particular custody or security classification". *Id.*, at *3. Furthermore, the BOP has been granted the authority to designate an inmate as a sex offender based on a prior state court conviction. *Id.*, at *4-*5 (citing *Fox v. Lappin*, 409 F.Supp. 2d 79, 85-87 (D.Mass. 2006)). Finally, the Supreme Court has long held that an inmate is not entitled to be placed in any particular institution, nor

_____

[4]Effective September 12, 2006, Program Statement 5100.07 was amended and replaced by Program Statement 5100.08. *See* Fed. Bureau of Prisons, U.S. Dep't of Justice, Program Statement 5100.08, *Security Designation and Custody Classification* (2006), available on the BOP web site (BOP.gov). The factors for determining whether a PSF should be applied to an inmate for prior sexual conduct essentially remain unchanged.

[5]The exact nature of the crimes for which Mr. Taylor was convicted are not apparent from the parties' submissions. However, although Mr. Taylor asserts that given that he committed such crimes over twenty-five years ago and has already been punished for them he should not be forced to undergo sex offender treatment, he does not contest the BOP's determination that such crimes are sexual offenses within the meaning of Program Statement 5100.07.

10

does the Due Process Clause protect an inmate from being transferred between institutions within the prison system. *Meacham v. Fano*, 427 U.S. 215, 96 S.Ct. 2532 (1976). In *Sandin v. Connor*, 515 U.S. 472, 115 S.Ct. 2293 (1995), which addressed a state prisoner's contention that his placement in solitary confinement violated his liberty interest, the Supreme Court stated that a prisoner's liberty interests will be implicated only where the prisoner is subjected to atypical and significant hardship "in relation to the ordinary incidents of prison life". *Id.*, at 484, 115 S.Ct. At 2293. Transfers between institutions simply do not impose atypical and significant hardship on a prisoner in relation to the ordinary incidents of prison life. Since Mr. Taylor had no liberty interest in his classification or in being placed in any specific facility, he was not entitled to notice and an opportunity to be heard prior to his classification/transfer and he has failed to establish a violation of his Due Process rights.[6] Therefore, the Defendants are entitled to summary judgment with respect to this claim.

In his Complaint and Amended Complaint, Plaintiff essentially alleges that BOP Program Statement 5100.07, pursuant to which he was classified as a sex offender and transferred to FMC Devens, was promulgated without proper notice or publication as required by the Administrative Procedure Act, 5 U.S.C. §551 *et seq.* ("APA"). Although Plaintiff does not assert any claims in these pleading based upon this allegation, in his opposition to the Defendants' motion, he argues that the Defendants violated his Due Process rights by implementing or promulgating a policy for classifying and placing sex offenders without complying with the APA. In support of this claim, Plaintiff argues that Program Statement 5100.07 is a substantive rule which has the effect of law and therefore, was subject to the APA's notice and comment requirements. First,

---

[6] It is undisputed that after his arrival at FMC Devens, Mr. Taylor was permitted to appeal his transfer.

11

Program Statement 5100.07 was promulgated in September 1999 and given their positions, it is unlikely that any of the Defendants were involved in its implementation. Nonetheless, for purposes of this discussion, I will assume the Defendants promulgated Program Statement 5100.07.

"The APA requires that rules promulgated by administrative agencies undergo certain procedures unless those rules are 'interpretive rules, general statements of policy, or rules of agency organization, procedure or practice'". *Gunderson v. Hood*, 268 F.3d 1149, 1153-54 (9th Cir. 2001). Interpretive rules issued by agencies to explain existing law or regulations need not follow the APA. However, where an agency issues rules which are inconsistent with or amend a legislative rule, *i.e.,* create new rights or obligations, such rules are substantive and must comply with the APA. *Id.*, at 1154; *Iacaboni v. United States*, 251 F.Supp. 2d, 1015, 1038-39.

Pursuant to 18 U.S.C. §3621, Congress gave the BOP authority to place prisoners and to create and manage a sex offender treatment program for inmates who volunteer for such programs. Program Statement 5100.07 implements the mandate imposed on the BOP by Congress; it is neither inconsistent with nor amends Section 3162.[7] Under these circumstances, the rule is interpretive, not substantive and therefore, the Defendants were not required to comply with the APA in implementing Program Statement 5100.07. Since Mr. Taylor has failed to establish any violation of his Due Process rights with respect to this claim, the Defendants are entitled to qualified immunity.

---

[7]While the BOP has absolute discretion to classify Mr. Taylor a sex offender, his participation in the SOMP was voluntary. Mr. Taylor chose not to participate in the program and was not penalized for his lack of participation. *See* Findings of Fact, *supra.*

For the reasons set forth above, Mr. Taylor has failed to establish that these Defendants violated his Due Process rights by promulgating the program statement pursuant to which he was classified as a sex offender, by classifying him as sex offender or by transferring him to FMC Devens to participate in the SOMP.  Therefore, the Defendants are entitled to qualified immunity with respect to these claims.

<u>Whether The Defendants Violated The Ex Post Facto Clause By Classifying Him As A Sex Offender And Transferring Him To FMC Devens Pursuant To A Policy Which Was Enacted After His Conviction For A Sexual Offense</u>

In order to establish a violation of the Ex Post Facto Clause, Mr. Taylor must prove "that there has been a change in law or policy which has been given retrospective effect [and] that its retrospective application to him created a real risk of increasing the measure of his punishment". *Shaffer v. Meyers*, 163 Fed.Appx. 111 (3[d] Cir. 2006)        .  In his opposition, Plaintiff argues that the Defendants violated the Ex Post Facto Clause by implementing the SOMP after his 1979 State conviction for a sexual offense and that such program affected his placement.  In *McKune v. Lile*, 536 U.S. 24, 122 S.Ct. 2017 (2002), the Supreme Court stated that programs such as the Kansas sex offender treatment program at issue in that case, a program which is similar to the SOMP which Mr. Taylor was asked to participate in, are rehabilitative in nature rather that punitive.  Furthermore, Plaintiff has failed to allege any facts which would support a finding that his classification as a sex offender and voluntary participation in the SOMP would result in a longer period of incarceration.  Therefore, he has failed to establish that  Defendants violated his rights under the Ex Post Facto Clause. *See Gwinn v. Awmiller*, 354 F.3d 1211 (10th Cir. 2004). Since Plaintiff has failed to establish a violation of his clearly established rights under the Ex Post Facto Clause, the Defendants are entitled to qualified immunity with respect to this claim.

<u>Whether The Defendants Violated Mr. Taylor's Right To Be Free From Double Jeopardy By
Requiring Him To Undergo Sex Offender Treatment</u>

Plaintiff asserts that because he had served a sentence for the State court convictions which caused him to be classified as a sex offender, the Defendants violated his rights under the Double Jeopardy Clause by requiring him to participate in the SOMP.  It is well established that requiring an inmate to participate in rehabilitative programs such as the SOMP does not violate the Double Jeopardy Clause of the Fifth Amendment. *See Wirsching v. Colorado*, 360 F.3d 1191, 1205 (10th Cir. 2004).  Since Plaintiff cannot establish a violation of his rights under the Double Jeopardy Clause, the Defendants are entitled to qualified immunity with respect to this claim.

<u>Whether The Defendants Violated Mr. Taylor's Eighth Amendment Rights By Classifying Him
As A Sex Offender And Informing Other Prisoners Of His Classification</u>

Plaintiff asserts that one or more of the Defendants held a meeting informing inmates being held at FMC Devens that a number of sexual offenders were being transferred into the facility.  Plaintiff alleges that as a result of being labeled a sex offender, he has been treated adversely by other prisoners who "treat him verbally and psychologically as a sex offender". *Amended Complaint*, at ¶ 27.  During the period that he was incarcerated at FMC Devens, such treatment caused Plaintiff "continuous tension, stress, anxiety and physical duress". *Id.*  Plaintiff contends that by placing him in such an unsafe environment, the Defendants violated his Eighth Amendment Right to be free from cruel and unusual punishment.

The Eighth Amendment protects prison inmates from "'unnecessary and wanton infliction of pain'". *Tinsley v. Goord*, No. 05 Civ. 3921 (NRB), 2006 WL 2707324, at *3 (S.D.N.Y. Sept. 20, 2006)(citing *Romano v. Howarth*, 998 F.2d 101, 104 (2d Cir. 1993)).  In

order to state a claim for violation of his Eight Amendment rights, Mr. Taylor must establish "both that the challenged conditions or conduct are 'objectively, sufficiently serious' and that the responsible prison official had a 'sufficiently culpable state of mind'". *Id.* Defendants conduct must have been "so grave that it violates contemporary standards of decency". *Helling v. McKinney*, 509 U.S. 25, 36, 113 S.Ct. 2475 (1993).

Although Plaintiff repeatedly contends that the Defendants failed to provide him with a safe environment and jeopardized his personal safety, nowhere in his submissions does he give any specific examples of having been verbally or physically abused, nor does he describe any specific physical or psychological injuries which can be attributed to his having been labeled a sex offender. He simply alleges that he was verbally and psychologically mistreated which led to stress, tension and anxiety. As a matter of law, these allegations fall far short of establishing that Mr. Taylor suffered "unnecessary and wanton infliction of pain" or that he was subjected to treatment which in any way violated contemporary standards of decency and therefore, I find that he has failed to establish a violation of his Eighth Amendment rights. Consequently, the Defendants are entitled to qualified immunity with respect to this claim.

Since I have determined that Mr. Taylor has failed to establish that the Defendants have violated any of his clearly established constitutional rights, it is not necessary for me to address the second prong of the qualified immunity analysis. Furthermore, since I find that the Defendants are entitled to qualified immunity and therefore, that summary judgment should enter in their favor, it is not necessary for me to address Defendants other legal arguments.

**Whether Plaintiff's Claims Against the Unnamed Defendant Should Be Dismissed**

Plaintiff argues that he should be given additional time to identify the unnamed Defendant; at least until he has had an opportunity to conduct discovery which would permit him to determine the individual's identity.  Mr. Taylor has indicated that the unnamed Defendant is the Unit Manager at FMC Devens.  He has alleged the same claims against the unnamed Defendant as he has the other Defendants and he relies on the same factual allegations to support such claims.  Under these circumstance, for the same reasons that I have found that the named Defendants are entitled to qualified immunity, I would find that the unnamed Defendant, who is a federal prison employee, would be entitled to qualified immunity.  Therefore, I find that summary judgment should enter for the unnamed Defendant.

## **Conclusion**

It is hereby recommend that Defendants' Motion To Dismiss Or, In The Alternative, For Summary Judgment (Docket No. 31) be **<u>allowed</u>** and that Judgment enter for the Defendants.

## **Notice to the Parties**

The parties are advised that under the provisions of Rule 3(b) of the Rules for the United States Magistrates in the United States District Court for the District of Massachusetts, any party who objects to these proposed findings and recommendations must file a written objection thereto with the Clerk of this Court WITHIN 10 DAYS of the party's receipt of this Report and Recommendation.  The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made and the basis of such objection. The parties are further advised that the United States Court of Appeals for this Circuit has indicated that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court's order entered pursuant to this Report and

Recommendation.  *See United States v. Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13,14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980).  *See also, Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466 (1985).


 /s/ Timothy S. Hillman
TIMOTHY S. HILLMAN
MAGISTRATE JUDGE

17